No. 305

First Circuit

COMMERCIAL SECURITIES CO. v.
HARRIS

(May 3, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Bills and Notes—
   Par. 232; Appeal—Par. 521.**

Where the defendant denies the signature to a note as genuine, proof by comparing the signature with that on the act of sale and the oath made in defendant's answer is not sufficient. Therefore the suit will be dismissed as of non-suit.

Appeal from the Parish of Pointe Coupee. Hon. W. C. Carruth, Judge.

Action by Commercial Securities Company against J. O. Harris.

There was judgment for defendant and plaintiff appealed.

Charles A. Battle, of Baton Rouge, attorney for plaintiff, appellant.

M. T. Hewes, of New Roads, attorney for defendant, appellee.

ELLIOTT, J. The plaintiff sues defendant on a note alleged to be secured by a chattel mortgage on an automobile, and prays for judgment on the note and for recognition of the act of mortgage.
Judgment affirmed.

In an answer, sworn to by defendant, he alleges that he did not sign the note and did not make any payment thereon, and that he did not sign the act of sale and chattel mortgage nor grant same.

The act of mortgage, not having been signed by notary public, is not in authentic form as required by law, Acts 1918, No. 198; but it would be good as between the parties, as a private Act, if it had been signed by the defendant. The answer placed on plaintiff the burden of proving defendant's signature to the note and act of mortgage.

Code Practice, Articles 325 and 483.

Civil Code, Articles 2232 and 2244.

The plaintiff obtained an order from the court to take the testimony of J. H. Hale, a resident of Avoyelles parish, before whom the act of mortgage was said to have been executed. The court granted the order but directed it to Wade Norman, notary public. The clerk of court issued the commission to S. Allen Bordelon, notary public, who executed it and sent the testimony back to the clerk of court.

When plaintiff offered the testimony in evidence defendant objected, on the ground that the court had ordered that it be taken by Wade Norman, notary public. The objection was correctly maintained.

The plaintiff contends that defendant's signature to the note and act of sale and mortgage is proved by comparing it with the oath he made to his answer.

The district judge did not think that defendant's signature was thereby satisfactorily proved. We come to the same conclusion, but will render a judgment of nonsuit.

For these reasons the judgment appealed from is affirmed; but same to stand and have effect as a nonsuit.

Plaintiff and appellant to pay the cost in both courts.